The opinion-of the Court was delivered by
Smith, C. J.,
after stating the pleadings.
Three exceptions are taken to the scire facias in this case. *213 The second is not warranted in point of fact. The plaintiff does aver that the said Isaac avoided, and that the execution has been returned non est inventus. ~ The same thing may be said as to the third exception. Tire scire facias alleges that Nimms became bail for the said Isaac Brown, in the original process, on the writ aforesaid, not only for the appearance of the said Isaac to answer to said suit, but also to abide the final order or judgment that might be given thereon, as, by the return of the original process, appears. This allegation is in the usual form in this State. Indeed, it is more particular than it need have been. It would have been sufficient merely to have stated that he became bail in the original process ; or, perhaps, that he became bail, without stating how, whether by bond or on the writ.
The first exception is that which is principally relied on. This is founded on the last clause of the Act for the Equal Distribution of Insolvent Estates, passed Feb. 11, 1791, ed. 1805, 184, in these words: “ No action shall, in any cause, be commenced against any executor or administrator, until the end of one year after such executor or administrator shall have proved the will or taken out letters of administration.” [1]
Is this an action commenced against Willard within the meaning of this clause of the statute? The scire facias against Nimms was an action, because it may be pleaded to. 2 W. Bl. 1227 ; 2 Sellon, 274. But the scire facias against Willard is only a continuation of that suit; and to this latter scire facias there is not, nor can there be, any pleadings. In this case, the demurrer is taken to the original scire facias against Nimms. 2 Wms. Saund. 71 a (4); 2 Tidd, 983, 1035 ; 2 Sellon, 275, 279. See-Tidd, Prac. Forms, 441.
The statute only protects representatives from original suits, not from answering in such as may be pending at the *214 time. Calling on the representative to become a party in such suit is not the commencement of a suit against him. The suit against Nimms is only revived. It was not lost by the death of Nimms,[1] this proceeding prevents abatement. If the estate of Nimms should prove insolvent, the administrator can suffer no inconvenience from this construction of the act. For his defending this suit will not operate as an admission of assets: 2 Wms. Saund. 72 n; as it would, if the suit had been originally commenced against him. At all events, the administrator may enter such a suggestion on the record, when he appears, as to preclude an admission of assets (1st clause of 4th section).
It may indeed be doubted whether, in case Nimms had died after non est returned, and before scire facias commenced, and administration had been immediately granted to' Willard, on scire facias against him, he could have availed himself of this clause in the statute, inasmuch as the act regulating bail provides, p. 102, that the scire facias against bail must be served within one year after judgment against the principal. If he could, the death of the bail, in such case, would destroy the creditor’s remedy, (a)
But, however this may be, it is conceived that it is clear that the statute does not bar the present action, which was commenced before the death of Nimms; and that such has been the invariable construction of the statute.
It was also objected by the counsel for Willard on this demurrer, though not assigned for cause specially, that' this *215 cause of action does uot survive ; consequently the representative of Nimms cannot be charged. This, if well founded, would be good in arrest of judgment or in error.
But I am of opinion that this objection is not well grounded. The representative is charged, not for any tort committed by Nimms, but on his contract to render the body of Isaac Brown in execution, or to pay the debt. This scire facias is founded on a duty which Nimms owed tbe plaintiff. Cowp. 877. In form, as well as substance, it is contract, not tort. I believe this is the first time such an exception was ever taken. If it had been considered as good, we should long ere now have heard exceptions to bail, not merely that they were not of sufficient ability as to purse, but that they were not sufficient in body, that they were sickly, old, infirm, not likely to outlive the suit against the principal.
Judgment for plaintiff. (a) , [1]

 “No action shall bo sustained against any administrator, if commenced within one year after the original grant of administration . . .” Gen. Laws, c. 198, § 1.
As to what is an original administration within the meaning of this statute, see Kittredge v. Folsom, 1835, 8 N. H. 98; Bell, C. J ., in Morgan v. Dodge, 1862, 44 N. H. 255, 261.

 Suppose no administrator appointed within a year.
The act of Dec. 30, 1799, 139, if applicable to this case, militates with the act regulating bail. The act of 1799 would allow the action against the representative of the bail at any time within two years after administration taken. But this is an addition to the general limitation law. Perhaps the words in the act regulating bail, that no scire facias shall be served on the bail unless within a year next after judgment against the principal, are to be construed strictly, and as not prohibiting a service on his representative after that period.
At common law, delay occasioned by the act of God, or inevitable necessity, saws from the bar of Statute of Limitations. See 3 IT. Y. T. 11. 197; see also 4 G. Bacon, 480, middle.

 [Reference is here made to Gilb. Practice of C. P.; difference between original and judicial writs.]

 The decision on the first point is supported by Colman v. Churchill, 1821, 2 N. H. 407 (holding that a writ of review may be sued out against an administratrix within one year after the death of the intestate); Breckenridge’s Adm’r v. Mellon’s Adm'r, 18-30, 1 How. (Miss.) 273; Hemphill, G. J., in Boone v. Roberts, 1816, 1 Tex. 117, 153-159; Hoar, J., in Bank of Brighton v. Russell, 1866, 13 Allen, 221, 224. And see Green, J., in Roche, Ex’r, v. Washington, 1846, 7 Humph. (Tenn.) 142, 144.
In this State, the objection that au action against ati administrator was commenced within a year from his appointment must be pleaded in abatement. Clements v. Swain, 1822, 2 N. H. 475; Kittredge v. Folsom, 1835, 8 N. H. 98, 113, 114; Sargent, J., in Amoskeag Man. Co. v. Barnes, 1868, 48 N. H. 25, 29. In Massachusetts, it may be pleaded iu bar. Benthall v. Hildreth, 1854, 2 Gray, 288; National Bank of Troy v. Stanton, 1875, 116 Mass. 435, 438. So in Indiana. Ferrand v. Walker, 1840, 5 Blackf. 424. In Carson v. Bryant’s Adm’r, 1807, 2 Brev. (S. C.), 159, it was pleaded in abatement; but the case did not turn on the form of pleading. This objection camiot be set up for the first time in the Supreme Court of the United States upon appeal from the Circuit Court. Walker v. Walker, 1869, 9 Wall. (U. S.) 743.
Tlie following decisions have been made under statutes protecting executors and administrators from suits within a limited time after their appointment.
The statute does not apply to a suit on the administration bond, to en *216 force the due execution of the trust, against the administrator and his sureties personally, and not against the estate. Greer v. Ohio, for the use of Greer, 1853, 2 Ohio St. 574; Bellows, C. J., in Judge of Probate v. Lane, 1871, 51 N. H. 342 , 349; Extract from Manuscript Treatise on Probate Law, post. But if the surety on an administration bond die, a suit on that bond against his (the surety’s) administrator is within the statute. Hammerle v. Kramer, 1861, 12 Ohio St. 252.
The statute applies to a suit against an executor, as such, who is also residuary legatee, and has given bond to pay debts and legacies; the action not being brought on the executor’s bond, nor in any form against him personally. National Bank of Troy v. Stanton, 1875, 116 Mass. 435. (Compare Walker v. Cheever, 1859, 39 N. H. 420, 429, 430, as to statute prohibiting suit against executor after three years.)
According to the doctrine of Cooley v. Patterson, 1861, 49 Me. 570-572, an administrator de bonis non may be sued upon the expiration of the statutory period after the first appointment of an administrator, and is not protected during a similar period after his own appointment; “it is the estate that is to have a year, and not every representative of the estate; ” see ante p. 213, n. 1; also post, Extract from Manuscript Treatise on Probate Law. In Tennessee, a distinction is taken between an administrator de bonis non appointed to succeed a deceased administrator, and one appointed in place of an administrator resigned; the former is, and the latter is not, within the statute. Minor, Adm’r, v. Webb, Adm’r, 1870, 1 Heisk. 395; Coleman v. Raynor, 1866, 3 Coldw. 25.
In Massachusetts, it is held that the statute does not prohibit summoning an executor as trustee in process of foreign attachment. Hoar v. Marshall, 1854, 2 Gray, 251; Ames, J., in Vantine v. Morse, 1870, 104 Mass. 275, 276. (And see Quigg v. Kittredge, 1846, 18 N. H. 137, 139.) Contra, in Tennessee. Gorman v. Swaggerty, 1857, 4 Sneed (Tenn.), 560.
The statute applies to a bill in equity against the administrator of a deceased vendee, to enforce a vendor’s lien for unpaid purchase-money. Reedy v. Armistead, 1856, 31 Miss. 353. But it does not apply to a bill in equity to foreclose the equity of redemption in premises mortgaged by the intestate. Bradley v. Norris, 1830, 3 Vt. 369.
A bill filed by a creditor against the administrators of his deceased debtor, and others, to set aside a fraudulent conveyance of land, made by the deceased in his lifetime, so that the land might be available for the payment of his debts, is not within the statute. Manning v. Drake, 1847, 1 Mich. 34. Compare Randall v. Peckham, 1873, 10 R. I. 545; and Johnson v. Ames, 1831, 11 Pick. 173, 180, 181.
A declaration need not aver that the requisite time has elapsed before suit brought. Granjang v. Merkle, 1859, 22 Ill. 249. But if the declaration itself shows that the requisite time has not elapsed, and fails to state a case within any of the exceptions in the statute, it is bad on demurrer. *217 Levi v. Buchanan, 1872, 2 Cinc. 144; Hammerle v. Kramer, 1861, 12 Ohio St. 252.
Whether scire facias against an administrator, to obtain execution on a judgment, is an “action” within the meaning of the statute, queere. See McLellan v. Lunt, 1837, 14 Me. 254; Pettengill v. Patterson, 1855, 39 Me. 498.